IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHARON BURRELL**                                                                        **PLAINTIFF**

**V.**                                                         **CAUSE NO. 3:13-CV-493-CWR-FKB**

**ALLSTATE PROPERTY AND**                                    **DEFENDANTS**
**CASUALTY INSURANCE COMPANY;**
**SOUTHERN PROPERTY; RICHARD**
**GILLY; KERRI STEGER; JOHN AND**
**JANE DOES A-H**

## ORDER

Before the Court is Allstate's motion to dismiss or, in the alternative, to compel appraisal and a stay of proceedings. Docket No. 11. The Court held a telephonic hearing this day to consider argument of counsel, then ruled orally. This written ruling follows.

**I.     Background**

According to the complaint, Sharon Burrell's "house and contents were totally destroyed by fire on November 21, 2012." Docket No. 1-1, at 5. Her insurance company's subsequent assessment and payout was too low, she says, so she sued Allstate and two individual employees for negligence, gross negligence, fraudulent misrepresentation, breach of contract, bad faith, and more. *Id.* at 6, 11-12. She seeks $8 million in compensatory and punitive damages.[1] *Id.* at 13.

**II.    Present Arguments**

Allstate argues that dismissal without prejudice or a stay is appropriate because Burrell has never satisfied the appraisal clause of the policy. Docket No. 11. It claims it invoked the appraisal clause in September 2013 and hired someone to complete its appraisal, but the plaintiff

---

[1] On September 26, 2014, counsel for Burrell notified the Court and the defendants that she had filed for bankruptcy and was in the midst of seeking permission to retain current counsel in this matter. Although this case is not subject to the Bankruptcy Code's automatic stay, *see Matter of U.S. Abatement Corp.*, 39 F.3d 563, 568 (5th Cir. 1994), counsel for Burrell should alert this Court if permission to continue their representation is denied.

never did the same within her 20-day window. *Id.* It filed this motion in December 2013, about two and a half months after invoking the clause.

In response, Burrell has attached her contractor's estimate of repair, Docket No. 15-2, and contends that it was a fair effort to comply with the appraisal policy, which is all that is required by Mississippi law. During the hearing, she added that she was not bound by the appraisal policy because its application would violate her rights under Mississippi Code § 83-13-5. That statute provides that:

> When buildings and structures are insured against loss by fire and, situated within this state, are totally destroyed by fire, the company shall not be permitted to deny that the buildings or structures insured were worth at the time of the issuance of the policy the full value upon which the insurance is calculated, and the measure of damages shall be the amount for which the buildings and structures were insured.

Miss. Code Ann. § 83-13-5. Burrell also acknowledges, however, that this provision had not been specifically raised in her briefing.

### III. Discussion

Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011); *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 228 (5th Cir. 2007). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

> Under Mississippi law,
>
> it is the duty of both parties to an insurance contract which provides for a submission to appraisal, in case of loss, of the question of the amount of loss or damages suffered, to act in good faith and to make a fair effort to carry out such agreement and accomplish its object. And if an appraisal is a condition precedent to an action on the policy, and the failure to secure an award by an appraisal is due to the fault of the insured, the absence of such award is a bar to an action on the policy by him.

*Hartford Fire Ins. Co. v. Conner*, 79 So. 2d 236, 239 (Miss. 1955). The court later clarified that a pause in the proceedings is also appropriate, as it provides the plaintiff an opportunity to "make an effort to comply with the appraisal clause in the policy." *Home Ins. Co. v. Watts*, 91 So. 2d 722, 727 *suggestion of error sustained,* 93 So. 2d 848 (Miss. 1957); *e.g.*, *Edwards v. Guideone Mut. Ins. Co.*, No. 4:09-CV-35-HTW-LRA, 2010 WL 1416473 (S.D. Miss. Apr. 7, 2010) (ordering "the plaintiffs to submit to appraisal as required in the subject policy of insurance").

The Court finds compliance with the appraisal clause appropriate in this case, and will issue a short-term stay so that the parties may complete the process that clause sets forth. Although a dispute between counsel cast doubt on whether Burrell could name her general contractor (George Harris) or her designated expert (Robert Crook) as her appraiser, during the hearing, Allstate said it would accept either so that each side's appraisers could move on to select a neutral umpire and attempt to resolve the dispute over the amount of loss.

The appraisers have 30 days to select the umpire. All are in agreement that the umpire should attempt to resolve every aspect of the parties' disagreement as to the amount of loss, including the value of Burrell's contents and displacement coverage. If ultimately necessary, Burrell may reurge her statutory argument at an appropriate time.

**IV.    Conclusion**

The motion to compel appraisal and a stay of proceedings is granted. By November 1, the parties shall notify the Court of the umpire's selection and how much time that person needs to complete their work. Meanwhile, discovery and other deadlines will be stayed.

**SO ORDERED**, this the 29th day of September, 2014.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE