IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHARON BURRELL**                                                                       **PLAINTIFF**

**V.**                                                                 **CAUSE NO. 3:13-CV-493-CWR-FKB**
*consolidated with*
**CAUSE NO. 3:14-CV-791-CWR-FKB**

**ALLSTATE PROPERTY AND**                                   **DEFENDANTS**
**CASUALTY INSURANCE COMPANY;**
**SOUTHERN PROPERTY; RICHARD**
**GILLY; KERRI STEGER; JOHN AND**
**JANE DOES A-H**

## ORDER

Before the Court is Allstate's motion to dismiss Sharon Burrell's second lawsuit on this subject matter, *Burrell v. Allstate*, No. 3:14-CV-791-CWR-FKB (S.D. Miss. 2014) [hereinafter *Burrell II*]. Although the cases have been consolidated before the undersigned, the second lawsuit remains pending. *See Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) ("Consolidation does not so completely merge the two cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and each requires the entry of a separate judgment.").

The defendants argue that *Burrell II* should be dismissed because the plaintiff "intentionally, vexatiously, and fraudulently filed a new complaint in this matter due to dissatisfaction with a ruling by Judge Reeves on September 29, 2014" in the first lawsuit, *Burrell v. Allstate*, No. 3:13-CV-493-CWR-FKB (S.D. Miss. 2013) [hereinafter *Burrell I*]. The plaintiff responds that the two lawsuits should simply be consolidated before the same Judge. Since consolidation has now occurred, the question is whether the second lawsuit should be dismissed.

In the Fifth Circuit, a plaintiff is not allowed to split her causes of actions among multiple proceedings, advancing one part of her claim in one suit and another part in a later suit. *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 501 (5th Cir. 1988).

> [T]he rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action. In a claim splitting case, the second suit will be barred if the claims involves the same parties and arises out of the same transaction or series of transactions as the first claim.

*Ameritox, Ltd. v. Aegis Sciences Corp.*, No. 3:08-CV-1168, 2009 WL 305874, at *4 (N.D. Tex. Feb. 9, 2009) (citations omitted); *see also Hearn v. Bd. of Supervisors of Hinds County, Miss.*, No. 3:12-CV-417-CWR-FKB, 2013 WL 1305586, at * 2 (S.D. Miss. Mar. 27, 2013). "Under this approach, the critical issue is whether the two actions were based on the same nucleus of operative facts. In this inquiry, we look to the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies." *Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir. 1992) (quotation marks and citations omitted).

"A main purpose behind the rule preventing claim splitting is to protect the defendant from being harassed by repetitive actions based on the same claim." *Matter of Super Van Inc.*, 92 F.3d 366, 371 (5th Cir. 1996) (citations omitted). "This rule finds particular application where, as here, the plaintiff files the second complaint to achieve procedural advantage by circumventing the rules pertaining to the amendment of complaints." *Friends of the Earth, Inc. v. Crown Cent. Petrol. Corp.*, 95 F.3d 358, 362 (5th Cir. 1996) (quotation marks and citation omitted).

This motion presents a straightforward example of claim-splitting. *Burrell I* and *Burrell II* arise out of the same nucleus of operative facts – the fire at the plaintiff's home – and both lawsuits seek to hold Allstate liable for its mishandling of the plaintiff's resulting homeowners insurance claim. It was error for the suits to be filed separately.

The plaintiff's mistake was not innocuous. *Burrell II* was filed the week after this Court issued a ruling in *Burrell I* which the plaintiff likely found unfavorable. In fact, the preemption theory she asserts in *Burrell II* is one that, if successful, would render the Court's Order in *Burrell I* null and void. This suggests an attempt to evade this Court's jurisdiction and authority. The fact that the plaintiff refused to seek to amend her complaint confirms that *Burrell II* is a prohibited attempt "to achieve procedural advantage by circumventing the rules pertaining to the amendment of complaints." *Id.*

Dismissal for claim-splitting is appropriate where, as here, "the only explanation for the duplicative litigation in the pending consolidated action is to expand Plaintiff['s] procedural rights, upset the trial schedule, harass Defendants, and avoid the requirements of amendment of Plaintiff['s] claims." *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 527, 543 (E.D. La. 2013), *aff'd in part, rev'd in part,* 567 F. App'x 945 (Fed. Cir. 2014).

Accordingly, the motion to dismiss is granted. *Burrell II* is dismissed with prejudice. A separate Final Judgment shall issue upon the resolution of *Burrell I*.

**SO ORDERED**, this the 7th day of January, 2015.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE