IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SHARON BURRELL**                                                                             **PLAINTIFF**

**V.**                                                              **CAUSE NO. 3:13-CV-493-CWR-FKB**
*consolidated with*
**CAUSE NO. 3:14-CV-791-CWR-FKB**

**ALLSTATE PROPERTY AND**                                  **DEFENDANTS**
**CASUALTY INSURANCE COMPANY;**
**SOUTHERN PROPERTY; RICHARD**
**GILLY; KERRI STEGER; JOHN AND**
**JANE DOES A-H**

## ORDER

Before the Court is the plaintiff's motion to lift stay. Docket No. 56. The matter is fully briefed and ready for adjudication.

### I. Factual and Procedural History

As explained in prior Orders, Sharon Burrell alleges that Allstate has underpaid her fire insurance claim. She says her home was totally destroyed and her claim merits recovery of the policy limits. Allstate disagrees; its assessment and payout were obviously lower than the limits.

The Court had stayed the case so the parties could complete the appraisal required by the policy. Because that has now been completed, Burrell wants to proceed with her suit. Allstate responds that the completion of the appraisal clause renders the case moot, as Burrell is bound by the appraisal award. The appraisal award was for approximately 60% of the policy limits.

### II. Discussion

Burrell has advanced two different legal theories against Allstate.[1] Each will be discussed in turn.

---

[1] This discussion distinguishes legal theories from causes of action.

**A.     *Munn***

Burrell had earlier invoked *Munn v. Nat'l Fire Ins. Co. of Hartford*, 115 So. 2d 54 (Miss. 1959). *See* Docket No. 16, at 6.[2] That case held that "an appraisal is presumptively correct, but . . . the court may set aside the appraisal where the award is so grossly inadequate or excessive as to amount to a fraud in effect, although fraud is not charged, or where the appraisers were without authority, or where there is a mistake of fact or to prevent injustice." *Munn*, 115 So. 2d at 58 (citations omitted).

Allstate now argues that the appraisal award means "there is nothing left to litigate in this case." Docket No. 60, at 4. The argument treats the appraisal award as if it were an arbitration award – already litigated and essentially final. *Munn*, however, holds otherwise. "The report of appraisers fixing the amount of a fire loss is not an arbitration and award," the Mississippi Supreme Court concluded. *Munn*, 115 So. 2d at 56 (citation omitted). Otto Munn was entitled to challenge the appraisal in court.

Allstate also contends that the appraisal award is binding under *Boler-Phillips Body Shop, Inc. v. Employers Mut. Cas. Co.*, 251 F. App'x 912, 915 (5th Cir. 2007) (unpublished). But *Boler-Phillips* did not acknowledge or cite to *Munn*. Other, published Fifth Circuit cases (with presumably better briefing from the parties than may have occurred in *Boler-Phillips*), recognize that an insured may challenge appraisal awards in court. *See Mitchell v. Aetna Cas. & Sur. Co.*, 579 F.2d 342, 350 (5th Cir. 1978).

The undersigned concludes that this matter is now a classic *Munn* case. The parties must proceed to resolve whether the appraisal award is so grossly inadequate to the fire loss as to

---

[2] Of course, when she articulated it, no appraisal had been conducted despite the plain language of the parties' insurance contract.

constitute a fraud, whether there was a mistake of fact in the appraisal, or whether accepting the appraisal would sanction an injustice.

### B.      Mississippi Code § 83-13-5

During the hearing on Allstate's motion to compel appraisal, Burrell added her second theory of the case: "that she was not bound by the appraisal policy because its application would violate her rights under Mississippi Code § 83-13-5." Docket No. 43, at 2; *see also Home Ins. Co. v. Greene*, 229 So. 2d 576, 578 (Miss. 1969). Because Burrell had not raised this theory until the argument, Allstate had not had a fair opportunity to develop a response and the theory was not properly before the Court. The Court overruled Burrell's timely objections and ordered her to complete the appraisal process. *Id.*

It is true that in its ruling, the Court wrote that "Burrell may reurge her statutory argument at an appropriate time." *Id.* at 3. She simply never found an appropriate way in which to present this theory.[3]

Within two weeks of the Order compelling the appraisal, an aggrieved Burrell attempted to circumvent this Court's authority by filing a second lawsuit against Allstate, this time containing her argument under Mississippi Code § 83-13-5. The result was to present her statutory theory to a different District Judge, contrary to the rule against claim-splitting. That attempt was later unwound and *Burrell II* was dismissed with prejudice. *See* Docket No. 51, at 3.

---

[3] The procedural history of this case is of import. The Amended Complaint, which did not include this theory, was filed in Copiah County Circuit Court on July 29, 2013. The action was then removed to this Court on August 13, 2013. The Magistrate Judge held the Case Management Conference on November 5, 2013, resulting in the entry of the Case Management Order, Docket No. 6, which set forth various deadlines including December 5, 2013, as the date by which the parties could amend their pleadings. Defendants filed various motions including a motion to compel appraisal on December 4, 2013. Docket Nos. 9 and 11. The court held a hearing on that motion more than nine months later on September 29, 2014, within the discovery deadline which had been extended twice. It was during the hearing on the motion to compel appraisal that Plaintiff mentioned for the first time this second theory. At no time after removal did Plaintiff seek to amend her pleadings. She only brought her statutory theory in *Burrell II*.

As a result, Burrell no longer has this statutory argument available to her. This theory was dismissed with *Burrell II* and cannot be resuscitated now.

### III.     Conclusion

The stay is lifted so that Burrell can proceed with her *Munn* claim. Within 10 days, the parties shall contact the Magistrate Judge's chambers for a new scheduling order.

**SO ORDERED**, this the 9th day of June, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
