**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**SHARON BURRELL**                                                                                         **PLAINTIFF**

**VS.**                                                                          **CIVIL ACTION NO. 3:13-CV-493-CWR-FKB**

**ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, SOUTHERN
PROPERTY AND JOHN AND JANE DOES
A, B, C, D, E, F, G, and H**                                                                          **DEFENDANTS**

---

**ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY'S
MOTION TO QUASH PLAINTIFF'S 30(B)(6) NOTICE OF DEPOSITION
AND/OR FOR PROTECTIVE ORDER**

---

COMES NOW, the Defendant, Allstate Property and Casualty Insurance Company, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and files this, its Motion to Quash Plaintiff's 30(b)(6) Notice of Deposition, and in support thereof, would show unto the Court the following:

1. Plaintiff's counsel recently unilaterally noticed the 30(b)(6) deposition of Allstate, to be taken at the office of Plaintiff's counsel in Jackson, Mississippi on November 10th, 2015. [Doc. #99].  Neither the date nor the location of this deposition was agreed to between the parties. Plaintiff has demonstrated a habit of improperly and unilaterally noticing depositions in this lawsuit, and for this reason, Allstate moves to Quash Plaintiff's recent 30(b)(6) notice.

2. On October 5th, 2015, Plaintiff sent an email to defense counsel stating that "plaintiff want to take a 30(b)(6) deposition of Allstate on November 10, 2015."  *See email correspondence attached as Exhibit "A."*  Defense counsel replied that same day that Allstate could not commit to a date for the 30(b)(6) without first being informed of the scope of the matters to be examined, as Allstate's selection of a representative, or representatives, would depend on the

information sought in Plaintiff's Notice. Nonetheless, Plaintiff filed its 30(b)(6) Notice unilaterally setting the time and date of the deposition, as mentioned above.

3. Allstate is a national insurance company with its corporate headquarters in Illinois and its Southern regional office in Tennessee. Plaintiff is aware that adjusters who worked on her claim are located in Louisiana. With adequate time to review the 30(b)(6) Notice, which was filed two days ago, Allstate will produce a corporate representative to testify to any and all proper subject matter areas designated within Plaintiff's Notice.[1] However, Allstate has never agreed to, nor is it obligated to produce a 30(b)(6) representative at Plaintiff's counsel's office in Jackson, Mississippi at a date and time which has not been agreed on between the parties.

4. A review of Fed. R. Civ. P. 30(b)(6) and its attendant case law show that, unsurprisingly, the general rule governing the location of a 30(b)(6) deposition is that it must be conducted within the venue of the deponent, not of the deposing party's attorney's office. Because the Plaintiff has greater influence over the choice of forum, "courts are more willing to protect defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs." *Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure* § 2112 (1994). As explained in *Metrex Research Corp. v. United States,* 151 F.R.D. 122 (D. Colo. 1993), "in the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." *Id.* at 125.

---

[1] Allstate's current Motion to Quash is based on Plaintiff's improper unilateral designation of the time and location of the 30(b)(6) deposition only, as Plaintiff has made no effort to resolve this discovery dispute via good faith. However this Motion does not address, and Allstate specifically reserves, its objections to the substantive designations within Plaintiff's 30(b)(6) Notice. If necessary, Allstate will file a separate Motion to Quash and/or Motion for Protective Order objecting to the proposed subject matter areas of examination contained within Plaintiff's Notice.

5. Under Fed. R. Civ. P. 30(b)(6), corporate defendants should generally be deposed at the corporation's principal office and place of business, and a court has discretion to order protective relief when deposition of corporate defendants is sought at different location. *M & C CORP. v. ERWIN BEHR GmbH & CO., KG*, 165 F.R.D. 65, 66 ( E.D. Mich. 1996).  See also *Mitchell v. American Tobacco Co.,* 33 F.R.D. 262, 263 (M.D. Pa. 1963)(depositions of corporate party should be taken at corporation's principal place of business); *Armsey v. Medshares Mgmt. Servs., Inc.*, 184 F.R.D. 569, 570 (W.D. Va. 1998)(deposition of corporation through its agents or officers normally should be taken in district of corporation's principal place of business); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. Ala. 1979)(deposition of corporation by its agents and officers should ordinarily be taken at its principal place of business especially when corporation is defendant and plaintiff has not shown any peculiar circumstances that would justify deposition elsewhere).

6. Plaintiff has failed, once again, to work in good faith to set the deposition of Allstate's 30(b)(6) representative.  Plaintiff sent one email requesting November 10th, 2015 as the date for the deposition, and provided no information whatsoever about the anticipated subject matter of the deposition.  After Defendant informed Plaintiff that Allstate would need to not the proposed areas of inquiry in order to determine the date and location of the 30(b)(6) deposition, Plaintiff immediately filed a unilateral Notice setting the deposition for an un-agreed upon date and time at the office of Plaintiff's counsel.  In light of Plaintiff's failure to exercise good faith in the orderly scheduling of depositions, and in light of Plaintiff's improper, unilateral Notice of a date and location for this deposition, Allstate requests that the Plaintiff's Notice be quashed. Allstate requests that this Court enter an Order which requires that the Plaintiff's 30(b)(6) deposition of Allstate take place at a time that is mutually agreeable between the parties, and at a location either in (1) the home and/or business residence venue of Allstate's designated

deponent(s), once determined by Allstate or (2) in some other location which is mutually agreed upon between the parties.

WHEREFORE, PREMISES CONSIDERED, the Defendant Allstate respectfully requests that this Court enter and Order GRANTING its Motion to Quash and/or for Protective Order for the reasons argued herein, and enter an Order granting the relief herein requested.   Allstate further requests any and all additional relief which this Court deems equitable, premises considered.

RESPECTFULLY SUBMITTED, this the 8th day of October, 2015.

        ALLSTATE INSURANCE COMPANY, Defendant

BY:    GAMMILL, MONTGOMERY PLLC

BY:      /s/ Andrew Rueff
        TOBY J. GAMMILL (MSB #100367)
        ANDREW RUEFF (MSB #103582)

OF COUNSEL:

GAMMILL MONTGOMERY, PLLC
221 Sunnybrook Road, Suite B
Ridgeland, Mississippi   39157
Tel:        (601) 487-2300
Fax:       (601) 420-2426
Email:    toby@gammillmontgomery.com
*Attorneys for Defendant Allstate Property and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I, Andrew Rueff, attorney for Defendant, Allstate Property and Casualty Insurance Company, do hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using ECF system which sent notification of such filing to the following:

Carroll Rhodes, Esq.
Law Offices of Carroll Rhodes
Post Office Box 588
Hazlehurst, Mississippi   39083
rhodeslf@bellsouth.net
*Attorney for Plaintiff*

Bruce W. Burton, Esq.
Burton Law Firm
Post Office Box 23144
Jackson, Mississippi   39225
burtonbw@yahoo.com
*Attorney for Plaintiff*

This the 8th day of October, 2015.

                                          */s/ Andrew Rueff*
                                          ANDREW RUEFF