IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**SHARON BURRELL**                                                                                                    **PLAINTIFF**

**VS.**                                                                **CIVIL ACTION NO. 3:13-CV-493-CWR-FKB**

**ALLSTATE PROPERTY AND CASUALTY**
**INSURANCE COMPANY, SOUTHERN**
**PROPERTY AND JOHN AND JANE DOES**
**A, B, C, D, E, F, G, and H**                                                                    **DEFENDANTS**
_____

**ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY'S**
**MOTION FOR PROTECTIVE ORDER**
_____

COMES NOW, the Defendant, Allstate Property and Casualty Insurance Company, by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(c), and Rule 7(b)(8) of the Local Uniform Civil Rules of the United States District Courts, and moves the Court for a Protective Order and would state the following:

NOTICE that pursuant to Rule 7(b)(8) of the Local Uniform Civil Rules of the United States District Courts, this motion relates to an urgent and necessitous matter, as Plaintiff's counsel noticed the 30(b)(6) deposition relevant to this Motion for November 10th, 2015. Allstate therefore respectfully requests an expedited briefing schedule as well a hearing date as prescribed by Rule 7(b)(8). Upon filing this motion, Allstate's counsel will contact the Court to arrange a definite time and place for the hearing of this motion, and will file a written notice to all other parties of the time and place fixed by the Court. Allstate would further note that it has also filed a separate Motion to Quash this same 30(b)(6) deposition notice [Docket No. 100] based on the argument that the Notice was unilaterally set for a date and time which Allstate's counsel would not be available, and at a location for the deposition was improper. This Motion has been briefed before the Court by both parties, but a ruling has not yet been issued.

1. Plaintiff filed a Notice to Take Deposition [Docket No. 99] under Federal Rule of Civil Procedure 30(b)(6) for Allstate Property and Casualty Insurance Company on Tuesday, November 10, 2015, at 10:30 a.m. at the Law Offices of Carroll Rhodes in Hazlehurst, Mississippi. *See* Notice of 30(b)(6) Deposition attached as **Exhibit A** .

2. Allstate has previously filed a Motion to Strike this deposition [Docket No. 100].

3. Allstate now files its Motion for Protective Order seeking to strike or limit certain areas of inquiry in the Plaintiff's Notice of 30(b)(6) Deposition after attempting to work through any issues in good faith with the Plaintiff. *See* Good Faith Certificate as **Exhibit B**.

4. Allstate has attempted in good faith to work through areas of inquiry which were vague, overly broad, oppressive, confusing, and beyond the scope of Rule 26 in the Federal Rules of Civil Procedure. However, Plaintiff refused to revise the 30(b)(6) notice in any way. *See* Email from Bruce Burton attached as **Exhibit C** and **Exhibit D**. Mr. Burton replied to one of the attempts to compromise on the 30(b)(6) notice by letter, attached as **Exhibit E**. The second response is contained within the October 27, 2015 email.

5. First, Allstate objects to areas of inquiry 2, 3, 4 and 5 of Plaintiff's 30(b)(6) notice. These areas state:

> (2) All lawsuits within the past ten (10) years, including the parties to the lawsuit, the court the lawsuit was filed in, the civil action number or cause number, the attorneys of record for all parties to the lawsuit, the status of the lawsuit, and the final disposition of the lawsuits wherein Allstate Property and Casualty Insurance Company was sued for breach of an insurance policy for an alleged failure by the company to pay insurance proceeds and/or benefits to an insured after a loss or destruction by fire.

(3)　　All lawsuits within the past ten (10) years, including the parties to the lawsuit, the court the lawsuit was filed in, the civil action number or cause number, the attorneys of record for all parties to the lawsuit, the status of the lawsuits, and the final disposition of the lawsuits, wherein Allstate Property and Casualty Insurance Company was sued for alleged bad faith conduct and/or intentional and/or grossly negligent conduct by the company for allegedly failing to pay insurance proceeds and/or benefits to an insured after a loss or destruction by fire.

(4)　　All lawsuits within the past ten (10) years, including the parties to the lawsuit, the court the lawsuit was filed in, the civil action number or cause number, the attorneys or record for all parties to the lawsuit, the status of the lawsuits, and the final disposition of the lawsuits wherein Allstate Property and Casualty Insurance Company was sued for breach of an insurance policy for an alleged delay by the company in paying insurance proceeds and/or benefits to an insured after a loss or destruction by fire.

(5)　　All lawsuits within the past ten (10) years, including the parties to the lawsuit, the court the lawsuit was filed in, the civil action number or cause number, the attorneys of record for all parties to the lawsuit, the status of the lawsuits, and the final disposition of the lawsuits wherein Allstate Property and Casualty Insurance Company was sued for alleged bad faith conduct and/or intentional and/or grossly negligent conduct by the company for an allegedly delay in paying insurance proceeds and/or benefits to an insured after a loss or destruction by fire.

6. Allstate is a national company doing business in all of North America. The information sought in areas 2 through 5 for parties, names of court, civil action numbers, attorneys of record for all parties to the lawsuit, status of the suit, final disposition, and any other information for a national company is overly broad, burdensome, oppressive, and irrelevant to the claims made in this lawsuit. Allstate requests that areas of inquiry 2, 3, 4, and 5 be stricken.

7. Allstate has objected to areas of inquiry 6, 7, and 8 of the 30(b)(6) notice. Areas 6, 7, and 8 state:

> (6) The financial statements for Allstate Property and Casualty Insurance Company from 2012 to the present date.
>
> (7) The balance sheets for Allstate Property and Casualty Insurance Company from 2012 to the present date.
>
> (8) The profit and loss statements for Allstate Property and Casualty Insurance Company from 2012 to the present date.

8. The 30(b)(6) notice is a notice to take a deposition and not a request for production of documents. The Plaintiff has asked for financial statements, balance sheets and profit and loss statements for Allstate from 2012 to the present. Counsel for the Plaintiff has been informed that Allstate is a publicly traded company and these reports are easily ascertainable at www.Allstate.com. However, in an effort to work out any differences with the 30(b)(6) notice and cooperate in discovery in good faith, Plaintiff's counsel has been asked to specifically identify what questions he wishes to ask in these areas of inquiry so that the appropriate representative, if needed, could be obtained to testify at a deposition. The Plaintiff refused to narrow or tailor these areas of inquiry whatsoever. After a request for clarification on these areas of inquiry, Plaintiff's counsel was informed that the financial statements, balance sheets and profit and loss statements all speak for themselves as financial statements and documents filed with the SEC and publicly

available at www.Allstate.com. It is unclear what information the Plaintiff wishes to question an Allstate representative on for these documents without any specific tailoring of the general statements made in areas of inquiry 6, 7, and 8 and Allstate requests these areas be stricken.

9. Allstate has objected to areas of inquiry 10, 11, 12, and 13. These areas of inquiry state:

(10) Allstate Property and Casualty Insurance Company's written policy for determining whether there has been a total destruction of a house or other structure within the meaning of the phrase "total destruction" as used in *Home Ins. Co. v. Greene,* 229 So.2d 576 (Miss. 1969).

(11) Allstate Property and Casualty Insurance Company's written policy for determining whether there has been a total destruction of a house or other structure within the meaning of the phrase "total destruction" as used in Miss. Code Ann. § 93-13-5.

(12) Allstate Property and Casualty Insurance Company's unwritten policy for determining whether there has been a total destruction of a house or other structure within the meaning of the phrase "total destruction" as used in *Home Ins. Co. v. Greene*, 229 So. 2d 576 (Miss. 1969).

(13) Allstate Property and Casualty Insurance Company's unwritten policy for determining whether there has been a total destruction of a house or other structure within the meaning of the phrase "total destruction" as used in Miss. Code Ann. § 93-13-5.

10. This case involves a fire loss at the Plaintiff's home in which the Plaintiffs are arguing the adjustment of the claim was inadequate, the appraisal award by an umpire was

inadequate and that she is entitled to the face amount value of her policy alleging the home was a "total destruction."

11. In an effort to participate in discovery in good faith, Plaintiff's counsel was asked to define what information he was seeking for these areas of inquiry as written policies have been requested, yet no written policy for adjusting claims or fire loss have been requested in written discovery. Further, the Plaintiff has requested a policy, unwritten or written, interpreting Mississippi Supreme Court case law and Mississippi Code Statutes. Although no such written or unwritten policies interpret code sections or case law, the Plaintiff is seeking some sort of policy and procedure manual. The undersigned has requested clarification so that discovery may proceed in good faith. However, the good faith request for clarification was ignored. Allstate requests the Court strike these areas of inquiry as vague, confusing, overly broad, and seek to have a corporate representative testify on questions of law for the Court to answer.

12. Next, Allstate has objected to areas of inquiry 14 and 15 that state the following:

(14) Allstate Property and Casualty Insurance Company's written policy for determining when the "umpire appraisal" provision of the company's insurance policy for fire loss applies.

(15) Allstate Property and Casualty Insurance Company's unwritten policy for determining when the "umpire appraisal" provision of the company's insurance policy for fire loss applies.

13. Allstate has requested clarification from opposing counsel for the term "umpire appraisal" as it does not exist within the policy. Counsel for the Plaintiff was requested to clarify areas of inquiry 14 and 15 as the appraisal provision has been enforced by the court in this matter, contained within the policy and its plain language has been interpreted by the Court to be applicable and an appraisal has taken place. The plain language of the appraisal process and

clause within the policy states that any person that disagrees with the amount may raise the appraisal provision and the process must be complied with.  As the Court enforced compliance with the appraisal provision by an Order [Docket No. 59], counsel for Plaintiff was asked to clarify this area of inquiry.   However, he refused to respond.

14. Allstate requests the Court strike areas of inquiry 14 and 15 as the appraisal provision has been complied with by all parties, the Plaintiff has rejected the appraisal award by the umpire and returned the checks and the areas of inquiry 14 and 15 are argumentative and contain phrases that are not within the policy.

15. Areas of inquiry 16, 17, 18 and 19 have been objected to by Allstate.  Richard Gilly and Kerri Steger are adjusters for Allstate who worked on the Plaintiff's claim.  Neither of these individuals are parties to the lawsuit.  They were dismissed from this matter by Order [Docket No. 62].  Due to the vast number of claims these adjusters have worked in their career, and the intrusive and personnel information sought by these areas of inquiry, Allstate has objected to any information outside of the Plaintiff's claim.  The Plaintiff's attorney had no response to tailoring these areas of inquiry to this matter or Allstate's objections.  Allstate requests that the area of inquiry in matters 16 through 19 be tailored only to Sharon Burrell's case due to the confidential nature of the personnel files of Richard Gilly and Kerri Steger for their work performance at Allstate.

> (16) Any written or verbal reprimands or warnings have been issued to Kerri Steger for failing to properly evaluate the extent of a fire loss of a house, other structure, or contents.
>
> (17) Any written or verbal commendations issued to Kerri Steger for her work in evaluating the extent of a fire loss of a house, other structure, or contents.

> (18)    Any written or verbal reprimands or warnings have been issued to Richard Gilly for failing to properly evaluate the extent of a fire loss of a house, other structure, or contents.
>
> (19)    Any written or verbal commendations issued to Richard Gilly for her work in evaluating the extent of a fire loss of a house, other structure, or contents.

16.    Allstate has objected to area of inquiry 20 for the same reasons the objections were made for areas 2 through 5.

> (20)    All settlements entered into between Allstate Property and Casualty Insurance Company and an insured within the past ten (10) years wherein the insured made a claim for punitive damages and the underlying facts of the case involved a fire loss to a house, other structure, and/or contents.

17.    For topic areas 23, 24, 25, 26, 27 and 28, and a second 23, the Plaintiff has used the term "refuse" to pay.  Allstate has objected to these areas of inquiry as Sharon Burrell was paid sums of money for her claims and has rejected the payments.   Plaintiff's counsel was requested to remove the argumentative language and tailor the area of inquiry to what person made the decision to issue payments and that person should be prepared to discuss the amounts offered or paid.  However, no effort was made to tailor these areas of inquiry and remove argumentative language.  Allstate requests the court strike these areas of inquiry.

> (23)    The name and title of each Allstate Property and Casualty Insurance Company employee who made the determination to refuse to pay Sharon Burrell the sum of $348,688.00 for the damage to her dwelling caused by the fire in November, 2012.

(24) Each reason Allstate Property and Casualty Insurance Company refuses to pay Sharon Burrell the sum of $34,869.00 for the damage to her other structure caused by the fire in November, 2012.

(25) The name and title of each Allstate Property and Casualty Insurance Company employee who made the determination to refuse to pay Sharon Burrell the sum of $34,869.00 for the damage to her other structures caused by the fire in November, 2012.

(26) Each reason Allstate Property and Casualty Insurance Company refused to pay Sharon Burrell the sum of $174,344.00 for the damage to her personal property caused by the fire in November, 2012.

(27) The name and title of each Allstate Property and Casualty Insurance Company employee who made the determination to refuse to pay Sharon Burrell the sum of $174,344.00 for the damage to her personal property caused by the fire in November, 2012.

(28) Each reason Allstate Property and Casualty Insurance Company refused to pay Sharon Burrell any additional living expenses after April 1, 2013.

(23) The name and title of each Allstate Property and Casualty Insurance Company employee who made the determination to refuse to pay Sharon Burrell any additional living expenses after April 1, 2013.

18. Allstate further requests that the court enter an order directing the Plaintiff to provide agreeable dates with opposing counsel for the notice of the Allstate 30(b)(6) deposition. The 30(b)(6) deposition notice was filed unilaterally by the Plaintiff and noticed for Hazlehurst, Mississippi. Counsel opposite was informed via email prior to this notice being filed and after the notice was filed, that an Allstate representatives with sufficient information in the claims process

and the ability to testify to this 30(b)(6) notice and its areas of inquiries were not located in Mississippi. The market claim office for Allstate in Mississippi closed in October 2010. Since that time, the property claims of Mississippi policy holders have been adjusted from the market claim office located in Nashville, Tennessee. A representative will be provided in the Nashville, Tennessee area to testify on behalf of Allstate. However, counsel opposite does not wish to work through any dates to travel to take the deposition of an Allstate representative in the Nashville, Tennessee area but rather, demands the representative be brought to Hazlehurst, Mississippi. Allstate requests the Court enter an order directing the Plaintiff to provide available and agreeable dates to counsel opposite for the scheduling of the Allstate 30(b)(6) deposition so that discovery may proceed in good faith.

WHEREFORE, for all the reasons set forth and the reasons set forth in Allstate's Memorandum of Authorities, Allstate requests the Court enter a Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure and for any other relief the Court deems just and proper.

Respectfully submitted, this the 2nd day of November, 2015.

          ALLSTATE INSURANCE COMPANY, Defendant

BY:    GAMMILL, MONTGOMERY PLLC

BY:    */s/ Toby J. Gammill*
         TOBY J. GAMMILL (MSB #100367)

OF COUNSEL:

GAMMILL MONTGOMERY, PLLC
221 Sunnybrook Road, Suite B
Ridgeland, Mississippi  39157
Tel:    (601) 487-2300
Fax:    (601) 420-2426
Email:    toby@gammillmontgomery.com
*Attorneys for Defendant Allstate Property and Casualty Insurance Company*

## **CERTIFICATE OF SERVICE**

I, Toby J. Gammill, attorney for Defendant, Allstate Property and Casualty Insurance Company, do hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using ECF system which sent notification of such filing to the following:

Carroll Rhodes, Esq.
Law Offices of Carroll Rhodes
Post Office Box 588
Hazlehurst, Mississippi    39083
rhodeslf@bellsouth.net
*Attorney for Plaintiff*

Bruce W. Burton, Esq.
Burton Law Firm
Post Office Box 23144
Jackson, Mississippi    39225
burtonbw@yahoo.com
*Attorney for Plaintiff*

This the 2nd day of November, 2015.

                                                */s/ Toby J. Gammill*
                                               TOBY J. GAMMILL