IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SHARON BURRELL   PLAINTIFF

VS.   CIVIL ACTION NO. 3:13-CV-493-CWR-FKB

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, SOUTHERN
PROPERTY, RICHARD GILLY, KERRI STEGER
AND JOHN AND JANE DOES A, B, C, D, E, F, G, and H   DEFENDANTS

## NOTICE TO TAKE DEPOSITION

TO:   Toby J. Gammill, Esq.
      GAMMILL MONTGOMERY, PLLC
      221 Sunnybrook Road, Suite B
      Ridgeland, Mississippi 39157

PLEASE TAKE NOTICE that plaintiff, Sharon Burrell, by and through counsel, will, before a notary public, court reporter, or other person authorized by law to take the oath of witnesses and record and transcribe testimony, take the following deposition upon oral examination of the following party and deponent, pursuant to *Fed. R. Civ. P. 26* and *30(b)(6)*, on the following dates and times at the Law Office of Carroll Rhodes, 119 Downing Street, Hazlehurst, Mississippi 39083:

| Name and Address of Deponent | Date of Deposition | Time of Deposition |
|---|---|---|
| Allstate Property and Casualty Insurance Company | Tuesday, November 10, 2015 | 10:30 A. M. |

Allstate Property and Casualty Insurance Company shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, about the following matters:

1



1. All contracts, memorandum of understanding, agreements, and insurance policies (including all applications for insurance and declaration pages of policies) entered into between Allstate Property and Casualty Insurance Company and Sharon Burrell concerning insurance coverage for Sharon Burrell's house, other structures, contents, and any other insurance coverage provided to Sharon Burrell by Allstate Property and Casualty Insurance Company during the period of time October 1, 2012 until the present.

2. All lawsuits within the past ten (10) years, including the parties to the lawsuit, the court the lawsuit was filed in, the civil action number or cause number, the attorneys of record for all parties to the lawsuit, the status of the lawsuits, and the final disposition of the lawsuits wherein Allstate Property and Casualty Insurance Company was sued for breach of an insurance policy for an alleged failure by the company to pay insurance proceeds and/or benefits to an insured after a loss or destruction by fire.

3. All lawsuits within the past ten (10) years, including the parties to the lawsuit, the court the lawsuit was filed in, the civil action number or cause number, the attorneys of record for all parties to the lawsuit, the status of the lawsuits, and the final disposition of the lawsuits wherein Allstate Property and Casualty Insurance Company was sued for alleged bad faith conduct and/or intentional and/or grossly negligent conduct by the company for allegedly failing to pay insurance proceeds and/or benefits to an insured after a loss or destruction by fire.

4. All lawsuits within the past ten (10) years, including the parties to the lawsuit, the court the lawsuit was filed in, the civil action number or cause number, the attorneys of record for all parties to the lawsuit, the status of the lawsuits, and the final disposition of the lawsuits wherein Allstate Property and Casualty Insurance Company was sued for breach of an insurance policy for

an alleged delay by the company in paying insurance proceeds and/or benefits to an insured after a loss or destruction by fire.

5. All lawsuits within the past ten (10) years, including the parties to the lawsuit, the court the lawsuit was filed in, the civil action number or cause number, the attorneys of record for all parties to the lawsuit, the status of the lawsuits, and the final disposition of the lawsuits wherein Allstate Property and Casualty Insurance Company was sued for alleged bad faith conduct and/or intentional and/or grossly negligent conduct by the company for an allegedly delay in paying insurance proceeds and/or benefits to an insured after a loss or destruction by fire.

6. The financial statements for Allstate Property and Casualty Insurance Company from 2012 to the present date.

7. The balance sheets for Allstate Property and Casualty Insurance Company from 2012 to the present date.

8. The profit and loss statements for Allstate Property and Casualty Insurance Company from 2012 to the present date.

9. The existence, effective date, and contents of any insurance agreement Allstate Property and Casualty Insurance Company has that will cover any damages awarded to the plaintiff or the amount of any settlement reached between the parties in the present case.

10. Allstate Property and Casualty Insurance Company's written policy for determining whether there has been a total destruction of a house or other structure within the meaning of the phrase "total destruction" as used in *Home Ins. Co. v. Greene*, 229 So. 2d 576 (Miss. 1969).

11. Allstate Property and Casualty Insurance Company's written policy for determining whether there has been a total destruction of a house or other structure within the meaning of the

3

phrase "total destruction" as used in MISS. CODE ANN. § 93-13-5.

12. Allstate Property and Casualty Insurance Company's unwritten policy for determining whether there has been a total destruction of a house or other structure within the meaning of the phrase "total destruction" as used in *Home Ins. Co. v. Greene*, 229 So. 2d 576 (Miss. 1969).

13. Allstate Property and Casualty Insurance Company's unwritten policy for determining whether there has been a total destruction of a house or other structure within the meaning of the phrase "total destruction" as used in MISS. CODE ANN. § 93-13-5.

14. Allstate Property and Casualty Insurance Company's written policy for determining when the "umpire appraisal" provision of the company's insurance policy for fire loss applies.

15. Allstate Property and Casualty Insurance Company's unwritten policy for determining when the "umpire appraisal" provision of the company's insurance policy for fire loss applies.

16. Any written or verbal reprimands or warnings have been issued to Kerri Steger for failing to properly evaluate the extent of a fire loss of a house, other structure, or contents.

17. Any written or verbal commendations issued to Kerri Steger for her work in evaluating the extent of a fire loss of a house, other structure, or contents.

18. Any written or verbal reprimands or warnings have been issued to Richard Gilly for failing to properly evaluate the extent of a fire loss of a house, other structure, or contents.

19. Any written or verbal commendations issued to Richard Gilly for her work in evaluating the extent of a fire loss of a house, other structure, or contents.

20. All settlements entered into between Allstate Property and Casualty Insurance Company and an insured within the past ten (10) years wherein the insured made a claim for punitive damages and the underlying facts of the case involved a fire loss to a house, other structure, and/or

4

contents.

21.     The investigative file, including pictures, maintained by Allstate Property and Casualty Insurance Company for Sharon Burrell's claim for a fire loss to her house, other structure, and contents that occurred in November, 2012.

22.     Each reason Allstate Property and Casualty Insurance Company refused to pay Sharon Burrell the sum of $348,688.00 for the damage to her dwelling caused by the fire in November, 2012.

23.     The name and title of each Allstate Property and Casualty Insurance Company employee who made the determination to refuse to pay Sharon Burrell the sum of $348,688.00 for the damage to her dwelling caused by the fire in November, 2012.

24.     Each reason Allstate Property and Casualty Insurance Company refused to pay Sharon Burrell the sum of $34,869.00 for the damage to her other structures caused by the fire in November, 2012.

25.     The name and title of each Allstate Property and Casualty Insurance Company employee who made the determination to refuse to pay Sharon Burrell the sum of $34,869.00 for the damage to her other structures caused by the fire in November, 2012.

26.     Each reason Allstate Property and Casualty Insurance Company refused to pay Sharon Burrell the sum of $174,344.00 for the damage to her personal property caused by the fire in November, 2012.

27.     The name and title of each Allstate Property and Casualty Insurance Company employee who made the determination to refuse to pay Sharon Burrell the sum of $174,344.00 for the damage to her personal property caused by the fire in November, 2012.

28. Each reason Allstate Property and Casualty Insurance Company refused to pay Sharon Burrell any additional living expenses after April 1, 2013.

23. The name and title of each Allstate Property and Casualty Insurance Company employee who made the determination to refuse to pay Sharon Burrell any additional living expenses after April 1, 2013.

The depositions will begin on Tuesday, November 10, 2015 at 10:30 o'clock A.M. and continue thereafter until completed. You are hereby notified to have the deponents appear, and you are invited to take such part in the examination as you deem appropriate.

This the 6th day of October, 2015.

        Respectfully submitted,
        SHARON BURRELL

        BY: */s/ Carroll Rhodes*
           CARROLL RHODES

CARROLL RHODES, ESQ., MSB # 5314
LAW OFFICES OF CARROLL RHODES
POST OFFICE BOX 588
HAZLEHURST, MS 39083
TELEPHONE: (601) 894-4323
FACSIMILE: (601) 894-1464
E-MAIL: crhode@bellsouth.net

BRUCE W. BURTON, ESQ.
BURTON LAW FIRM
POST OFFICE BOX 23144
JACKSON, MISSISSIPPI 39225
TELEPHONE: (601)
E-MAIL: burtonbw@yahoo.com

6

## CERTIFICATE OF SERVICE

I, CARROLL RHODES, attorney for the plaintiff, do hereby certify that I have this day filed the foregoing Notice of Deposition with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following counsel of record:

Toby J. Gammill, Esq.
GAMMILL MONTGOMERY, PLLC
221 Sunnybrook Road, Suite B
Ridgeland, Mississippi 39157

THIS, the 6th day of October, 2015.

/s/ Carroll Rhodes
CARROLL RHODES