IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**SHARON BURRELL**                                                                                              **PLAINTIFF**

**VS.**                                                              **CIVIL ACTION NO. 3:13-CV-493-CWR-FKB**

**ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, SOUTHERN
PROPERTY AND JOHN AND JANE DOES
A, B, C, D, E, F, G, and H**                                                                      **DEFENDANTS**

_____

**ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY'S
MEMORANDUM OF AUTHORITIES IN SUPPORT OF ITS MOTION FOR
PROTECTIVE ORDER**
_____

COMES NOW, the Defendant, Allstate Property and Casualty Insurance Company, by and through undersigned counsel, and submits its Memorandum of Authorities pursuant to Local Rule 7.2 in support of its Motion for Protective Order and states the following:

**FACTS**

1. A fire occurred at the home of Sharon Burrell on November 21, 2012. At that time, she had recently obtained an Allstate Property and Casualty Homeowner's Insurance Policy. After the fire, Allstate conducted a fraud investigation due to the policy only being in effect for a few short days prior to the fire. Allstate subsequently afforded coverage and adjusted the claim. Kerri Steger was assigned to adjust the property contents and Rick Gilly was assigned to adjust the structure, and payments on both were tendered. Aggrieved, Plaintiff filed a bad faith complaint against Allstate. Allstate subsequently raised the appraisal provision. The appraisal process was ordered by the Court and completed. An umpire's award was issued and was rejected. Since that time, discovery has continued. The Plaintiff has recently been deposed and opposing counsel has filed a 30(b)(6) notice for Allstate to be deposed in its corporate capacity. Prior to and after

filing a notice, Plaintiff's counsel was told that an Allstate representative with the capacity and capability to testify to the areas of inquiry submitted and any facts surrounding this case would be located in Nashville, Tennessee. Instead, a 30(b)(6) notice was filed and noticed for Copiah County, Mississippi, at the Law Office of Carroll Rhodes on November 10, 2015, at 10:30 a.m. A prior Motion to Quash the Notice of Deposition was filed [Docket No. 100]. That motion has been fully briefed.

2. The 30(b)(6) notice has many topic areas which are overly broad, irrelevant to the current litigation, beyond the scope of Rule 26, oppressive and burdensome. As set forth in the motion, areas of inquiry 2 through 5 and 20 all seek information from a national company about lawsuits which may be similar to the Plaintiff's.

3. The Fifth Circuit recognizes that although full and complete discovery should be practiced and allowed … its processes must be kept within workable bounds on a proper and logical basis for the determination of the relevancy of that which is sought to be discovered. *Jones v. Metzger Dairies*, *Inc.,* 334 F.2d 919 (5th Cir. 1964).

4. Furthermore, where a protective order is sought, the burden is on the party resisting discovery to show good cause with a necessity of its issuance based upon specific facts rather than stereotyped and conclusory statements. *U.S. v. Garrett,* 571 F.2d 1323, 1326 (5th Cir. 1978). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) see test. *Cipollone v. Leggett Group, Inc*., 785 F.2d 1108 (3rd Cir. 1986).

5. To support an objection to a production request, the party must do more than merely say that a production request was overly broad, burdensome, oppressive, and irrelevant. *McLeod, Alexander, Powel and Opffel v. Quarles*, 894 F.2d 1482 (5th Cir. 1990). For example, in *Clemons v. Dollar General,* 2010 U.S. Dist. Lexis 56376, N.D. Mississippi, this Fifth Circuit standard was applied in a discovery dispute between the plaintiff and Dollar General. In this

employment discrimination case, the plaintiff requested the positions and names of individuals filling the positions throughout Dollar General in 35 states spanning some 8,900 stores. The court determined that the plaintiff must show a more particularized need and relevance for such a broad base of information. Also, *See Marshall v. Westinghouse Elec. Corp.,* 576 F.2d 588, 592 (5th Cir. 1978).

6. Further, the plaintiff sought lawsuits in which Dollar General had been named as a defendant for gender discrimination (the claims made within *Clemons'* underlying litigation) for a period of years and nationwide. The District Court stated that although there is no Fifth Circuit case law directly on point, other courts have adopted the position that information regarding other claims and lawsuits brought against defendants are irrelevant to a new plaintiff's action in Title 7 Litigation. Although the *Clemons* case involved Title 7 Litigation, the relevance of any claims of any other litigants in cases against Allstate is beyond Rule 26 of the Federal Rules of Civil Procedure. Adjustment and payment of the claims of other policy holders is irrelevant to the individual Plaintiff's claim, not other individuals filing a lawsuit against Allstate. Therefore, the Court should strike areas of inquiry 2, 3, 4, 5, and 20. A Protective Order should be entered preventing the Plaintiff from seeking this information in these areas of inquiry.

7. Areas of inquiry 6, 7, and 8 are vague and overly broad. The documents sought by these areas of inquiry are readily available to the Plaintiff at www.Allstate.com as Allstate is a publicly traded company. However, for a representative to appear and testify with any particularity or participate in discovery in good faith, such an overly broad statement of any questions regarding profit and loss, financial statements, and balance sheets must be tailored to reasonable bounds if testimony is sought from Allstate.

8. Therefore, Allstate requests the Court strike areas of inquiry 6, 7, and 8 of the Plaintiff's 30(b)(6) notice.

9. Areas of inquiry 10, 11, 12, 13, 14, and 15 have all been discussed within the Motion for Protective Order. These areas of inquiry are vague, ambiguous, in an attempt to force Allstate to interpret the Mississippi Code and Mississippi Supreme Court case law in the adjustment of claims as applied to any written or unwritten policies. A good faith effort was made to request clarification from the Plaintiff's attorney and ask if he is seeking if this information actually existed within policy and procedure manuals of fire loss claims, if he was seeking policy and procedures of fire loss claims or clarify these areas of inquiry for a representative to participate in good faith and testify on behalf of Allstate. Without any clarification or response by the Plaintiff, Allstate requests the Plaintiff's areas of inquiry 10 through 15 be stricken.

10. Allstate has also requested areas of inquiry 16, 17, 18 and 19 be stricken. The production of employment should not be ordered absent a compelling demonstration of relevance due to inherent privacy interest. *Miller v. Federal Express Corp.,* 186 F.R.D. 376 (W.D. TN May 11, 1999). To obtain non-party personnel records, the requesting party must demonstrate the particular relevance of the personnel records to the issue. *Raddatz v. Standard Register Co.*, 177 F.R.D. 446 (Dist. MN Nov. 24, 1997). In instances where non-party personnel files are relevant and may lead to admissible evidence, a protective order can help mitigate the invasion of privacy of the non-party. *Miles v. Boeing Co.,* 154 F.R.D. 112, 115 (E.D. PA 1994).

11. In the *Clemons* case *supra*, the plaintiff requested personnel files of individuals who were not parties to the action. As in that case, Allstate requests the personnel record information of Richard Gilly and Kerri Steger inquiries of the Plaintiff be denied and a protective order be granted restricting any access to information beyond the Plaintiff's individual claim and their adjustment of that claim for the information sought.

12. As to areas of inquiry 22, 23, 24, 25, 26, 27, and 28 and 23(2), Sharon Burrell received a draft for her property contents and her structure before filing this lawsuit. She refused

to accept the payment and filed a lawsuit instead. The appraisal provision was raised by Allstate and the Court had to enforce its compliance. An umpire awarded Sharon Burrell slightly more money than her original drafts from Allstate for her contents and structure. However, she has refused acceptance of those checks. The argumentative language in the areas of inquiry listed above, indicate that Allstate refused to pay Sharon Burrell any sum whatsoever. In a good faith effort to obtain an area of inquiry in the Plaintiff's 30(b)(6) notice that was not objectionable, the Plaintiff was asked to revise and remove the argumentative language. However, she refused through her counsel. Allstate requests the Court strike these areas of inquiry 22, 23, 24, 25, 26, 27, 28, and a second number 23.

WHEREFORE, PREMISES CONSIDERED, for all the foregoing reasons, Allstate requests the Court to consider this Memorandum of Authorities in support of its Motion for Protective Order and grant the relief sought in the Motion for Protective Order and all other relief the Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 2nd day of November, 2015.

          ALLSTATE PROPERTY AND CASUALTY
          INSURANCE COMPANY, Defendant

BY:   GAMMILL, MONTGOMERY PLLC

BY:   */s/ Toby J. Gammill*
        TOBY J. GAMMILL (MSB #100367)

OF COUNSEL:

GAMMILL MONTGOMERY, PLLC
221 Sunnybrook Road, Suite B
Ridgeland, Mississippi   39157
Tel:      (601) 487-2300
Fax:     (601) 420-2426
Email:   toby@gammillmontgomery.com
*Attorneys for Defendant Allstate Property and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

I, Toby J. Gammill, attorney for Defendant, Allstate Property and Casualty Insurance Company, do hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using ECF system which sent notification of such filing to the following:

Carroll Rhodes, Esq.
Law Offices of Carroll Rhodes
Post Office Box 588
Hazlehurst, Mississippi   39083
rhodeslf@bellsouth.net
*Attorney for Plaintiff*

Bruce W. Burton, Esq.
Burton Law Firm
Post Office Box 23144
Jackson, Mississippi   39225
burtonbw@yahoo.com
*Attorney for Plaintiff*

This the 2nd day of November, 2015.

                              */s/ Toby J. Gammill*
                              TOBY J. GAMMILL