IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**SHARON BURRELL**                                                                                       **PLAINTIFF**

**VS.**                                                                  **CIVIL ACTION NO. 3:13-CV-493-CWR-FKB**

**ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, SOUTHERN
PROPERTY, RICHARD GILLY, KERRI STEGER
AND JOHN AND JANE DOES A, B, C, D, E, F, G, and H**                         **DEFENDANTS**

PLAINTIFF'S RESPONSE TO DEFENDANT'S, ALLSTATE
PROPERTY AND CASUALTY INSURANCE COMPANY'S,
MOTION FOR A PROTECTIVE ORDER [DOC. NOS. 117 and 118]

COMES NOW, the plaintiff, Sharon Burrell, by and through counsel of record, pursuant to Fed. R. Civ. P. 30(b)(6), Local Rule 7 of the Uniform Local Rules for the Northern and Southern Districts of Mississippi (ULR), and the Text Order entered by this Court on November 3, 2015 requiring that plaintiff file her response to the defendant's, Allstate Property and Casualty Insurance Company's ("Allstate's"), motion for a protective order by November 5, 2015, and file this her response to the defendant's motion for a protective order, [Doc. No. 117], and the defendant's memorandum in support of its motion for a protective order, [Doc. No. 118]. as follows:

1.   The plaintiff filed her 30(b)(6)[1] notice to take the deposition of the defendant on October 6, 2015, [Doc. No. 99], describing "with reasonable particularity the matters for examination."[2] The 30(b)(6) notice was filed more than 30 days before the date scheduled for the

---

[1] Fed. R. Civ. P. 30(b)(6).

[2] The 30(b)(6) deposition notice clearly stated that the deposition of Allstate was being taken pursuant to Fed. R. Civ. P. 30(b)(6).

deposition, November 10, 2015. The plaintiff gave the defendant reasonable notice[3] of the deposition. See *In re Sulfuric Acid Antitrust Litigation*, 231 F. R. D. 320, at 327 (N. D. Ill. 2005) ("Thus, ten business days' notice would seem reasonable.").

2. The date of November 10, 2015 was selected as a date for the deposition because Allstate's counsel had sent an e-mail to plaintiff's counsel indicating that he had November 10, 2015 as an available date for the deposition.[4] In fact, Allstate's counsel listed November 10, 12, 17, 19, and 20, 2015 as available dates for depositions.[5]

3. Plaintiff's counsel noticed the 30(b)(6) deposition at plaintiff's counsel's office in Copiah County, Mississippi since the deponent was a corporation whose officers and executives routinely travel throughout the country, Allstate's adjusters who worked on the case performed their work on this case in Copiah County, Mississippi, the case is filed in this jurisdiction, the attorneys for the parties are located in this jurisdiction, and there is a likelihood of significant discovery disputes during the deposition that would need to be resolved by this Court. A corporation may be deposed in the jurisdiction where the case is pending if the parties and counsel are located in that jurisdiction, the corporate executives and officers routinely engage in travel, and there is a "likelihood of significant discovery disputes arising which would necessitate resolution by the forum court." *Armsey v. Medshares Management Services, Inc.*, 184 F. R. D. 569, at 571 (W. D. Va. 1998). Although there is a presumption to at a corporation, through its officers, managers, and agents should

---

[3]The federal rules only require that the plaintiff give the defendant "reasonable written notice" of the "time and place of the deposition. Fed. R. Civ. P. 30(b)(1).

[4]The e-mail is attached hereto as Exhibit "A" and incorporated herein.

[5]See Ex. A attached.

be deposed at its principal place of business, *Armsey v. Medshares Management Services, Inc.*, supra, that presumption may be overcome by other factors. *Id.*, at 571. The "factors include location of counsel for the parties in the forum district, the number of corporate representatives a party is seeking to depose, the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court; whether the persons sought to be deposed often engage in travel for business purposes; and the equities with regard to the nature of the claim and the parties' relationship." *Id.*, at 571. Ms. Burrell is seeking to depose a representative or representatives designated by Allstate who can offer testimony on the topic areas. Allstate has offices in this jurisdiction and its counsel is located in this jurisdiction. Plaintiff and her counsel are located in this jurisdiction. Allstate's executives often engage in travel for business purposes.[6] Besides, the plaintiff is willing to change the location of the deposition provided the changed location is reasonable and the parties will have access to this court to resolve disputes that arise during the deposition.[7] Furthermore, the equities regarding the nature of the claim and the parties' relationship point to this jurisdiction as the proper jurisdiction for the 30(b)(6) deposition. Ms. Burrell entered

---

[6]Allstate did not argue in its motion for a protective order that its officers and managers do not routinely engage in business travel. Ms. Burrell argues that their officers and managers do routinely engage in business travel. Allstate should not be permitted to argue, in rebuttal, that their officers and managers do not engage in business travel because Allstate has not designated which officers or employees have knowledge concerning the 30(b)(6) topic areas and Ms. Burrell will not be afforded an opportunity to dispute that assertion after rebuttal.

[7]The plaintiff does not object to deposing Allstate's 30(b)(6) designee or designees at Allstate's counsel's office in Ridgeland, Mississippi. The only reason plaintiff did not designate Allstate's counsel's office as the deposition site is because Allstate's counsel and plaintiff's counsel had previously agreed that Steger and Gilly would be deposed at Allstate's counsel's office and Allstate's counsel reneged on that agreement. The plaintiff did not want to take the chance that Allstate would renege on an agreement to conduct the 30(b)(6) deposition at its counsel's office.

into her contract with Allstate in Copiah County, Mississippi. Ms. Burrell owned a house and contents in Copiah County, Mississippi that were totally destroyed by fire. Allstate's adjusters came to Copiah County, Mississippi to adjust the claim. Allstate performed an examination under oath of Ms. Burrell after the fire in Jackson, Mississippi. All counsel in this case are located in this jurisdiction. Therefore, the equities lie with this jurisdiction as the proper jurisdiction for the 30(b)(6) deposition.

4.      Allstate has not attempted to work through the issues surrounding the topic areas in good faith. Instead, Allstate has attempted to steer plaintiff's case in a direction different from that chosen by the plaintiff. Ms. Burrell has asserted breach of contract, insurance bad faith, fraudulent misrepresentation, negligent misrepresentation, negligence, and gross negligence claims against Allstate. [Doc. No. 1-2]. Ms. Burrell seeks compensatory damages in the sum of $750,000.00 and punitive damages in the sum of $7,250,000.00. [Doc. No. 1-2]. Ms. Burrell's 30(b)(6) deposition seeks information relevant to those claims and damages and Allstate's defenses. The scope of a 30(b)(6) deposition "is determined solely by relevance under Rule 26, that is, that the evidence sought may lead to the discovery of admissible evidence." *U. S. E. E. O. C. v. Caesars Entertainment, Inc.*, 237 F. R. D. 428, at 432 (D. Nev. 2006). The plaintiff is allowed to solicit evidence relevant to her claims or the defendant's defenses. *U. S. E. E. O. C. v. Caesars Entertainment, Inc.*, supra. Importantly, relevant questions that go beyond the scope of the 30(b)(6) notice "may be asked and no special protection is conferred on a deponent by virtue of the fact that the deposition was noticed under Rule 30(b)(6)." *King v. Pratt & Whitney, a Div. of United Technologies Corp.*, 161 F. R. D. 476, at 476 (S. D. Fla. 1995). Therefore, Ms. Burrell may seek discovery of evidence even if it goes beyond the contents of her 30(b)(6) notice if that evidence may

lead to discovery of admissible evidence relevant to any of her claims and demand for damages and any of Allstate's defenses. *U. S. E. E. O. C. v. Caesars Entertainment, Inc.*, supra; *King v. Pratt & Whitney, a Div. of United Technologies Corp.*, supra.

  5. Ms. Burrell asserts a breach of contract claim against Allstate. In order to recover on a breach of contract claim, a plaintiff must prove "by a preponderance of the evidence: 1. the existence of a valid and binding contract; and 2. that the defendant has broken, or breached it; and 3. that [s]he has been thereby *damaged monetarily.*" *Business Communications, Inc. v. Banks*, 90 So.3d 1221, at 112-1225 (Miss. 2012) (en banc). Ms. Burrell alleges that she entered into an insurance contract with Allstate in October, 2012 wherein Allstate agreed to provide coverage in the amount of $348,688 for her house, $34,858 for other structures, $174,344.00 for contents, and displacement coverage in the amount of $200,000.00. [Doc. No. 3, p. 20, ¶ 7]. The insurance policy has a "Conformity to State Statutes" provision which expressly provided: "**[w]hen the policy provision conflicts with the statutes of the state in which the residence premises is located, the provisions are amended to conform to such statutes.**" [Emphasis added] [Ex. B, p. 4, attached]. The policy had another provision which provided for an appraisal by an umpire if the parties were unable to agree on an amount of damage for the fire loss. [Ex. B]. Allstate and Ms. Burrell could not agree on an amount of damage caused by the fire to her house, other structure, and contents. Therefore, the company sought a court order compelling appraisal.[8] The Court appointed an appraiser, and Ms. Burrell rejected the appraisal award because it was less than the amount of insurance provided in her policy in case of a total destruction caused by fire to of her house, other

---

[8]The insurance policy also had an appraisal provision. However, the "Conformity to State Statutes" provision of the policy expressly provided that when policy provisions conflicted with a state statute, then the policy was amended to conform to the statute.

structure, and contents. Mississippi is the state where the insured premises was located, and the state had a valued policy statute in place at the time of the fire which provided that "**[w]hen buildings and structures are insured against loss by fire and, situated within this state, are totally destroyed by fire, the company shall not be permitted to deny that the buildings or structures insured were worth at the time of the issuance of the policy the full value upon which the insurance is calculated, and the measure of damages shall be the amount for which the buildings and structures were insured.**" [Emphasis added]. MISS. CODE ANN. § 83-13-5. The Mississippi Supreme Court has held that a house which had two walls burned down, a damaged roof, all windows broken out, and water and smoke damage throughout a house damaged by fire was totally destroyed by fire within the meaning of the valued policy statute requiring an insurance company to pay the insured the face amount of the policy. *Home Ins. Co. v. Greene*, 229 So.2d 576 (Miss. 1969). Ms. Burrell maintains that Allstate breached the insurance contract when her house, other structure, and contents were totally destroyed by fire within the meaning of the valued policy statute, but Allstate refused to pay her the insured amount (face amount of her policy). Ms. Burrell argues that the appraisal provision of the policy does not bar her full recovery because of the "Conformity to State Statutes" provision of her policy. Ms. Burrell's 30(b)(6) deposition topics in paragraphs 1, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, and 23 (sic - should be 29) are relevant to her breach of contract claim. Those topic areas are not vague, overly broad, oppressive, confusing, or beyond the scope of Rule 26.[9] Allstate has not attempted to work through these areas, but, instead, re-direct plaintiff from these areas of legitimate inquiry. The plaintiff is entitled to know who made the decisions not to pay her the policy amount and the basis for that

---

[9] Fed. R. Civ. P. 26.

decision. The plaintiff is entitled to know about the written contract between the parties, whether or not the company has a written or unwritten policy for determining when and when not to pay policy limits. The plaintiff is entitled to know what Allstate's policy is about payment of claims when there has been a total destruction by fire in Mississippi; if there is a written or unwritten policy for determining when and when not to determine whether or not there has been a total destruction by fire; if there is a written or unwritten policy for determining when there has been a total destruction by fire within the meaning of the valued policy statute; the persons involved in the decisions not to pay Ms. Burrell policy limits for her loss; the reason company did not pay Ms. Burrell the policy limits; and whether or not any disciplinary actions have ever been taken against Ms. Steger and Mr. Gilly concerning adjusting or paying claims. All of this information is relevant to Ms. Burrell's breach of contract claim. Therefore, Allstate's motion for a protective order should be denied.

6. Ms. Burrell also claims that Allstate was negligent and grossly negligent. The elements of a negligence claim are duty, breach, causation, injury, and damages. See *Gulledge v. Shaw*, 880 So.2d 288 (Miss. 2004). The areas of inquiry concerning the breach of contract are relevant to her negligence claim. Ms. Burrell asserts that the negligence was gross negligence. The plaintiff is entitled to know whether or not there is an insurance policy that may be used to pay any judgment or settlement, and the amount of coverage provided under the policy. Fed. R. Civ. P. 26(a)(iv). Ms. Burrell may also recover punitive damages on her gross negligence claim. Although punitive damages are not recoverable in a breach of contract case, punitive damages are recoverable when the breach results from an intentional wrong, abuse, or gross negligence. *Hurst v. Southwest Miss. Legal Services Corp.*, 708 So.2d 1347 (Miss. 1998) (en banc). Furthermore, the net worth of

a company is relevant to the issue of punitive damages. *Bankers Life and Casualty Co. v. Crenshaw*, 483 So.2d 254 (Miss. 1986) (en banc). Ms. Burrell's 30(b)(6) deposition topics in paragraphs 2, 3, 4, 5, 6, 7, 8, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 23 (sic - should be 29) are relevant to her punitive damages claim. The plaintiff is entitled to know about any insurance coverage, the net worth, income, and financial stability of the company when attempting to recover punitive damages from the company. All of this information is relevant to Ms. Burrell's damages and punitive damages claims. Therefore, Allstate's motion for a protective order should be denied.

7. Ms. Burrell has asserted a negligent misrepresentation claim against Allstate. The elements of a negligent misrepresentation claim are: "(1) a misrepresentation or omission of fact, (2) that the representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such person/entity, (4) that the plaintiff reasonably relied on the misrepresentation or omission, and (5) that the plaintiff suffered damages as a proximate results of such reasonable reliance." *Holland v. People's Bank & Trust Co.*, 3 So.3d 94, at 101 (Miss. 2009). The information Ms. Burrell seeks in her 30(b)(6) deposition of Allstate is related to these elements. Therefore, Allstate's motion for a protective order should be denied.

8. Ms. Burrell has asserted a fraudulent misrepresentation claim against Allstate. The elements of a fraudulent misrepresentation claim are: "(1) a misrepresentation, (2) its falsity' (3) its materiality; (4) the speaker's knowledge of the falsity or ignorance of the truth; (5) the speaker's intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Holland v. People's Bank & Trust Co.*, supra, at 100.

Furthermore, punitive damages are recoverable for fraudulent misrepresentation. See *Nichols v. Shelter Life Ins. Co.*, 923 F.2d 1158 ((5th Cir. 1991). The information Ms. Burrell seeks in her 30(b)(6) deposition of Allstate is related to these elements. Therefore, Allstate's motion for a protective order should be denied.

9. Ms. Burrell has asserted an insurance bad faith claim against Allstate. An insurance company may be held liable under the theory of bad faith for the malicious, gross negligent, and reckless disregard denial of and delay in payment of a legitimate claim without an arguable reason for the denial or delay. *Independent Life & Accident Ins. Co. v. Peavy*, 528 So.2d 1112 (Miss. 1988) (en banc); Andrew *Jackson Life Ins. Co. v. Williams*, 566 So.2d 1172 (Miss. 1990); *State Farm Mutual Automobile Ins. Co. v. Grimes*, 722 So. 2d 637 (Miss. 1998) (en banc; *Dixie Ins. Co. v. Mooneyhan*, 684 So.2d 574 (Miss. 1996) (en banc); *Universal Life Ins. Co. v. Veasley*, 610 So.2d 290 (Miss. 1992); *Standard Life Ins. Co. v. Veal*, 354 So. 2d 290 (Miss. 1978). An insurance company may be held liable for insurance bad faith and forced to pay punitive damages when the company acts "with (1) malice, or (2) gross negligence or reckless disregard for the rights of others." *Standard Life Ins. Co. v. Veal*, supra, at 293; *Independent Life & Accident Ins. Co. v. Peavy*, supra. Ms. Burrell argues that Allstate denied and delayed paying her the full value of her claim with malice or gross negligence or in reckless disregard of her rights. The information Ms. Burrell seeks in her 30(b)(6) deposition of Allstate is related to these elements. Therefore, Allstate's motion for a protective order should be denied.

10. Allstate argues that 30(b)(6) topics 2, 3, 4, 5, and 20 are overly broad, burdensome, oppressive, and irrelevant. The topic areas are not overly broad, burdensome, oppressive, or irrelevant. Ms. Burrell has asserted a bad faith insurance claim and she seeks punitive damages on

9

her bad faith, gross negligence, and fraudulent misrepresentation claims. Topic areas 2, 3, 4, 5, and 20 are narrowly tailored to the identity of parties, attorneys, and settlements in lawsuits against the company where the plaintiff alleged a denial or delay in payments of legitimate fire loss claims. This information is calculated to lead to the discovery of admissible evidence as to Allstate's malice, gross negligence, reckless disregard for the rights of others, and punitive damages claims. The information is also calculated to lead to the discovery of admissible evidence as to the company's policy and practice regarding claims similar to plaintiff's claims. Therefore, Allstate's motion for a protective order should be denied.

11. Allstate argues that plaintiff's counsel has not specifically identified what questions he desires to ask concerning 30(b)(6) topics 6, 7, and 8. Ms. Burrell has asserted a bad faith insurance claim and she seeks punitive damages on her bad faith, gross negligence, and fraudulent misrepresentation claims. Allstate's net worth and financial status are relevant to those claims. Furthermore, Rule 30(b)(6) does not limit inquiry to specific questions. A plaintiff is allowed to solicit evidence relevant to her claims or the defendant's defenses. *U. S. E. E. O. C. v. Caesars Entertainment, Inc.*, supra, and relevant questions that go beyond the scope of the 30(b)(6) notice "may be asked and no special protection is conferred on a deponent by virtue of the fact that the deposition was noticed under Rule 30(b)(6)." *King v. Pratt & Whitney, a Div. of United Technologies Corp.*, supra, at 476.

12. Ms. Burrell asserts claims for breach of contract, negligence, negligent misrepresentation, insurance bad faith denial or delay of her legitimate claim, gross negligence, and fraudulent misrepresentation. The information requested in 30(b)(6) deposition topic areas 10, 11, 12, 13, 14, and 15 is calculated to lead to the discovery of admissible evidence as to Allstate's

malice, gross negligence, or reckless disregard for the rights of others. The information is also calculated to lead to the discovery of admissible evidence as to the company's policy and practice regarding claims similar to plaintiff's claims and avoidance of payment of claims similar to plaintiff's by using the appraisal provision of the policy when there is a state valued policy statute similar to Mississippi's. Therefore, Allstate's motion for a protective order should be denied.

        13.     Kerri Steger and Rick Gilly were the adjusters who investigated the fire loss, made a determination of the fire loss, adjusted Ms. Burrell's claim for policy limits but failed or refused to pay the policy limits after there had been a total destruction by fire. Ms. Burrell also testified that Kerri Steger told her and Rick Gilly that the fire caused a total loss. Yet, the policy limits were not paid. Ms. Burrell is entitled to know about the adjusters' work record, whether they have denied or delayed in paying the policy limits in similar claims, and whether any disciplinary actions have been taken against them for failing to properly evaluate the extent of a similar fire loss. The 30(b)(6) topic areas 16, 17, 18, and 19 are calculated to lead to the discovery of admissible evidence regarding claims similar to plaintiff's claims and avoidance of payment of similar claims. This evidence is relevant to plaintiff's breach of contract, negligence, gross negligence, insurance bad faith, and punitive damages claims. Therefore, Allstate's motion for a protective order should be denied.

        14.     Allstate objects to topic areas 23, 24, 25, 26, 27, 28, and 23 (sic - should be 29) because Ms. Burrell states that Allstate refused to pay her the face amount of her insurance policy. Ms. Burrell alleges that she entered into an insurance contract with Allstate in October, 2012 wherein Allstate agreed to provide coverage in the amount of $348,688 for her house, $34,858 for other structures, $174,344.00 for contents, and displacement coverage in the amount of $200,000.00. [Doc. No. 3, p. 20, ¶ 7]. Allstate has refused and delayed in paying her that amount for her house,

other structure, and contents. That is the basis of her claims for liability and damages. Allstate desires to alter plaintiff's lawsuit. However, a plaintiff is entitled to seek discovery of evidence relevant to her claims or the defendant's defenses. Fed. R. Civ. P. 26 and 30. A defendant is not allowed to define a plaintiff's case. A "plaintiff is 'the master of her complaint..." *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, at v680 (5th Cir. 2008). Ms. Burrell has the right to define her claims and seek discovery on her claims and Allstate's defenses. Therefore, Allstate's motion for a protective order should be denied.

15. Plaintiff's counsel obtained agreeable dates for the 30(b)(6) deposition notice from defense counsel and properly noticed the deposition. Defense counsel has now been provided the 30(b)(6) deposition notice. The plaintiff was aware of the discovery deadline of December 2, 2015 when the plaintiff scheduled the 30(b)(6) notice. The plaintiff noticed the deposition more than 30 days after the notice was filed. The defense counsel has been dilatory in bringing its motion before the Court. The plaintiff submits that the deposition scheduled for November 6, 2015 should take place on that date. However, if the Court is inclined to change the date of the deposition, then plaintiff submits that defense counsel should provide available dates for plaintiff to depose Allstate's designated witness or witnesses before the discovery deadline of December 2, 2015. The parties have agreed to depose plaintiff's physician on December 1, 2015. That date is no longer available. Allstate has not identified to plaintiff's counsel the names of the Allstate's witness or witnesses with knowledge. The plaintiff is unaware whether the designated witness or witnesses would be traveling to this jurisdiction anytime soon. Plaintiff has tried to work with defense counsel on resolving the discovery dispute, but defense counsel attempts to direct plaintiff's lawsuit in a direction different from that charted by the plaintiff. The plaintiff has asserted claims and defenses and she is entitled

to seek discovery of evidence and information that may lead to the discovery of admissible evidence on her claims and Allstate's defenses. Every time plaintiff's counsel has provided dates to defense counsel, defense counsel has had a conflict. Therefore, if the deposition does not go forward on November 10, 2015, plaintiff requests the Court to enter an Order directing defense counsel to provide plaintiff's counsel with his available dates for the 30(b)(6) deposition before the discovery deadline.

WHEREFORE, PREMISES CONSIDERED, the plaintiff respectfully requests that the Court deny the defendant's motion for a protective order.

Since the authorities for this response are contained herein, the plaintiff requests leave of court from the requirement of filing a separate memorandum of authorities.

This the 5th day of November, 2015.

                        Respectfully submitted,
                        SHARON BURRELL

                        BY:   */s/ Carroll Rhodes*
                                CARROLL RHODES

CARROLL RHODES, ESQ., MSB # 5314
LAW OFFICES OF CARROLL RHODES
POST OFFICE BOX 588
HAZLEHURST, MS 39083
TELEPHONE: (601) 894-4323
FACSIMILE: (601) 894-1464
E-MAIL: crhode@bellsouth.net

BRUCE W. BURTON, ESQ.
BURTON LAW FIRM
POST OFFICE BOX 23144
JACKSON, MISSISSIPPI 39225
TELEPHONE: (601)
E-MAIL: burtonbw@yahoo.com

13

...

**CERTIFICATE OF SERVICE**

      I, CARROLL RHODES, attorney for the plaintiff, do hereby certify that I have this day filed the foregoing Pleading with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following counsel of record:

Toby J. Gammill, Esq.
GAMMILL MONTGOMERY, PLLC
221 Sunnybrook Road, Suite B
Ridgeland, Mississippi 39157

This, the 5th day of November, 2015.

                                          */s/ Carroll Rhodes*
                                          CARROLL RHODES